UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F.F. HEATING & COOLING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1496 CAS |
| v. ) | |
| ) | |
| LEWIS MECHANICAL SERVICES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Hankins Construction Company's ("Hankins") motion to dismiss. Plaintiff opposes the motion, and it is fully briefed. For the following reasons, Hankins' motion will be denied.

### Background

This is an action for breach of contract, quantum meruit, and an action on bond. The action arises out of a construction project called Kingsbury Terrace Modernization (the "project"). Defendant Hankins entered into a contract with the St. Louis Housing Authority for the project, and was bonded on the project by defendant International Fidelity Insurance Company as its surety under the payment bond. Hankins subcontracted all heating, ventilation, and air conditioning work to defendant Lewis Mechanical Services, LLC ("Lewis"). In turn, Lewis sub-subcontracted with plaintiff for the installation of PTAC air conditioning units on the project. In its complaint, plaintiff states that Lewis breached this subcontract by terminating plaintiff without payment in full after plaintiff had completed a substantial amount of the work. Plaintiff alleges that of the $75,240.00

contract price, it was paid only $20,314.80. It is suing to recover the remaining $54,925.20, attorneys' fees, interest, and costs.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 547 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise the right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S.Ct. 222, (2008) (quoting Twombly, 550 U.S. at 555-56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

The Eighth Circuit has instructed that "[t]o survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Distrib. Co., Inc.,

599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). To determine whether a claim is facially plausible, a court must "'accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). If a court "can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." Id. (quoting Iqbal, 129 S. Ct. at 1950).

**Discussion**

Plaintiff's complaint (originally filed in state court) is brought in three counts: (1) breach of contract (Count I); (2) quantum meruit (Count II); and (3) action on bond (Count III). Only one of these counts is pled against defendant Hankins—Count II for quantum meruit. Hankins moves to dismiss the claim against it, arguing (1) plaintiff was paid in full for the work it performed on the project; (2) Count II is improperly pleaded; and (3) Hankins is not liable to plaintiff for lost profits.

Quantum meruit is a quasi-contractual remedy and is generally justified on the theory of unjust enrichment. See Miller v. Horn, 254 S.W.3d 920, 924 (Mo. App. 2008). Unjust enrichment occurs where a benefit is conferred upon a party under circumstances in which the retention of such benefit, without paying its reasonable value, would be unjust. Id. The elements of unjust enrichment are: "(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; [and] (3) that it would be unjust to allow the defendant to retain the benefit.'" Id. (quoting S&J, Inc. v. McLoud & Co., 108 S.W.3d 765, 768 (Mo. App. 2003)).

In their third amended complaint, plaintiff states that it entered into a subcontract with defendant Lewis to provide construction on the project. Plaintiff alleges it had completed some of the work it was contracted to perform at the time defendant Lewis allegedly breached the contract.

As for its allegations against defendant Hankins, plaintiff alleges that defendant Hankins "insisted, and on their behalf, plaintiff FFHC performed certain labor and services at the Project." (Compl. at ¶ 23). It also states that "it has been unable to complete its work under the Subcontract, [and] *has not been paid for all of the work it has completed . . . .*" (Compl. at ¶ 20) (emphasis added). Further, plaintiff alleges defendant Hankins "refused to pay-in-full plaintiff FFHC for the labor and services provided and performed by plaintiff FFHC." (Compl. at ¶ 25). Plaintiff also alleges that defendant Hankins has been unjustly enriched by the unpaid portion of the labor and services provided by plaintiff. (Compl. at ¶ 29).

While the Court agrees with Hankins that the complaint is not the model of clarity, the Court is also mindful that at this stage in the proceeding it is required to draw all reasonable inferences in favor of plaintiff. See Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). Viewed in the light most favorable to plaintiff, plaintiff has alleged that defendant Hankins was enriched by the labor and services provided on the project by plaintiff (Compl. at ¶ 27); that plaintiff has not been paid for all the work it completed on the project (Compl. at ¶¶ 20, 25 29); and that it would be unjust to allow defendant Hankins to retain the benefit of the unpaid portion of the labor and services provided by plaintiff (Compl. at ¶ 29). Based on the alleged facts, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. See Cole, 599 F.3d at 861.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hankins Construction Company's motion to dismiss is **DENIED**. [Doc. 6]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 20th day of August, 2010.