UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F.F. HEATING & COOLING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1496 CAS |
| v. ) | |
| ) | |
| LEWIS MECHANICAL SERVICES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant International Fidelity Insurance Company's ("IFIC") motion to dismiss. Plaintiff opposes the motion, and it is fully briefed. For the following reasons, IFIC's motion will be denied.

**Background**

This is an action for breach of contract, quantum meruit, and an action on bond. The action arises out of a construction project called Kingsbury Terrace Modernization (the "project"). Defendant Hankins Construction Company ("Hankins") entered into a contract with the St. Louis Housing Authority for the project, and was bonded on the project by defendant IFIC as its surety under the payment bond. Hankins subcontracted all heating, ventilation, and air conditioning work to defendant Lewis Mechanical Services, LLC ("Lewis"). In turn, Lewis sub-subcontracted with plaintiff for the installation of PTAC air conditioning units on the project. In its complaint, plaintiff states that Lewis terminated plaintiff without payment in full after plaintiff had completed a substantial amount of the work. Plaintiff alleges it made a claim on the bond, but IFIC improperly denied

payment of the claim. Plaintiff alleges that of the $75,240.00 contract price, it was paid only $20,314.80. It is suing to recover the remaining $54,925.20, attorneys' fees, interest, and costs.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 547 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise the right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S.Ct. 222, (2008) (quoting Twombly, 550 U.S. at 555-56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

The Eighth Circuit has instructed that "[t]o survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Distrib. Co., Inc.,

599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). To determine whether a claim is facially plausible, a court must "'accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). If a court "can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." Id. (quoting Iqbal, 129 S. Ct. at 1950).

**Discussion**

Plaintiff's complaint is brought in three counts: (1) breach of contract; (2) quantum meruit; and (3) action on bond. Only one of these counts is pled against defendant IFIC—Count III for action on bond. IFIC moves to dismiss the claim, arguing (1) pursuant to the Miller Act, plaintiff's lawsuit should have been brought in the name of the United States; (2) plaintiff did not meet the notice requirements of the bond; (3) plaintiff's claim has been paid in full; and (4) IFIC is not liable for lost profits.

        *(1)      The Proper Plaintiff*

IFIC moves to dismiss plaintiff's complaint, alleging that the complaint is deficient because it was brought in plaintiff's name directly. Citing the Miller Act, 40 U.S.C. § 3133(b)(3)(A), defendant argues that such a lawsuit must be brought "in the name of the United States for the use of the person bringing the action." (Def. Mem. at 3). IFIC concedes that the bond at issue is not a Miller Act bond. It states, however, that "the rules of decision to be applied to matters involving bonds mandated by federal law are [those] developed by the federal courts in matters dealing with Miller Act bonds." (Id.). Plaintiff responds that the Miller Act is inapplicable because the project does not involve a "contract of more than $100,000 awarded for the construction, alteration, or repair

of any public building or public work *of the Federal Government*." (Pl. Resp. at 5) (emphasis in original). Because the Miller Act does not apply, plaintiff states that 40 U.S.C. § 3133(b)(3)(A) is inapplicable.

The purpose of the Miller Act, 40 U.S.C. § 3133, is to provide security for payment to those who supply labor or materials for the construction of federal projects. See United States v. W.H. Cates Construction Co., Inc., 972 F.2d 987, 989-90 (8th Cir. 1992). Both parties agree that the Miller Act does not apply to this case because the project was not for construction of a public building or public work of the United States. Because the Miller Act is inapplicable, 40 U.S.C. § 3133(b)(3)(A) is not applicable, and plaintiff is the proper party plaintiff. IFIC's reliance on D&L Constr. Co. v. Triangle Elec. Supply Co., Inc., 332 F.2d 1009 (8th Cir. 1964), is misplaced. The case does not stand for the proposition that the rules and decisions developed by the Miller Act are applicable to all matters involving bonds mandated by federal law. Because plaintiff is the proper plaintiff, the Court will deny IFIC's motion to dismiss on this ground.

*(2) Notice Requirements*

In its third amended complaint, plaintiff states that it "has fulfilled all conditions precedent [of the bond] on its part." (Compl. at ¶ 39). It also states: "Plaintiff FFHC has given notice to and made formal demand for payment upon Defendant [IFIC], and despite demand, Defendant [IFIC] has failed and/or refused to pay Plaintiff FFHC." (Compl. at ¶ 42). Defendant IFIC moves to dismiss, however, stating that plaintiff "gave notice of its claim against the Bond to Hankins on January 14, 2009, and to IFIC on March 4, 2009." (Def. Mem. at 4). IFIC states this notice was nearly eleven months late and therefore plaintiff did not satisfy the conditions of the bond.

In deciding whether to dismiss, courts may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. See JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2010). The Court may not, for example, take into account additional facts asserted in a memorandum supporting a motion to dismiss, because such a memorandum does not constitute a pleading under Rule 7(a). Id. For purposes of IFIC's motion to dismiss, the Court is not at liberty to consider the facts surrounding plaintiff's alleged failure to provide adequate notice as stated by IFIC in its memorandum in support of its motion to dismiss. These facts are not contained in any pleading, and the argument not within the proper scope of a motion to dismiss. See, e.g., McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007); Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 948 (8th Cir. 1999). The Court will decline to treat IFIC's motion to dismiss as a motion for summary judgment, and matters outside the pleadings will be excluded from the Court's consideration. Accordingly, the Court will deny IFIC's motion to dismiss based on its argument that plaintiff failed to provide proper notice under the provisions of the bond.

*(3)    Plaintiff's Claim Has Been Paid in Full*

IFIC argues plaintiff's bond claim must be dismissed because plaintiff was paid in full. Throughout its complaint, however, plaintiff alleges that it has *not* been paid for the work it has completed. (Compl. ¶¶ 13, 20, 25, 38). While the complaint is not the model of clarity, the Court is mindful that at this stage in the proceeding it is required to draw all reasonable inferences in favor of plaintiff. See Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). Plaintiff states that while it was paid $20,314.80 of the contract price, it is still owed $54,925.20. Viewed in the light

most favorable to plaintiff, plaintiff has not been paid for all work performed, and therefore IFIC's motion to dismiss will be denied on this ground.

### (4) *IFIC Is Not Liable for Lost Profits*

Finally, IFIC moves to dismiss plaintiff's action on the bond, stating that the bond limits the scope of any claim "to pay for labor, materials, and equipment furnished for use in the performance of the Construction Contract." Because some portion of plaintiff's claim includes lost profits, IFIC seeks to have the claim dismissed. As discussed above, the Court is required at this stage to "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Plaintiff alleges it was not paid for all the work it performed on the project. While plaintiff has likely included some measure of lost profits into its calculation of damages (although the amount is unclear from the complaint), this is not reason alone to dismiss plaintiff's action on the bond. For these reasons, the Court will deny defendant IFIC's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant International Fidelity Insurance Company's motion to dismiss is **DENIED**. [Doc. 8]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of August, 2010.