UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F.F. HEATING & COOLING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1496 CAS |
| v. ) | |
| ) | |
| LEWIS MECHANICAL SERVICES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff F.F. Heating & Cooling, Inc.'s Motion for Entry of Default Judgment Against Defendant Lewis Mechanical Services, LLC ("Lewis"). For the following reasons, the motion will be denied without prejudice.

**Background**

This is an action for breach of contract, quantum meruit, and an action on bond. The action arises out of a construction project called Kingsbury Terrace Modernization (the "project"). Defendant Hankins Construction Co ("Hankins") entered into a contract with the St. Louis Housing Authority for the project. Hankins subcontracted all heating, ventilation, and air conditioning work to defendant Lewis. In turn, Lewis sub-subcontracted with plaintiff for the installation of PTAC air conditioning units on the project.

In its second amended complaint, plaintiff states that Lewis breached this subcontract by terminating plaintiff without payment in full after plaintiff had completed a substantial amount of

the work.[1] Plaintiff brings the action in two counts against defendant Lewis: breach of contract (Count I) and quantum meruit (Count II). Count II for quantum meruit is also alleged against four non-defaulting defendants, Hankins Construction Co., St. Louis Housing Authority, SLHA Capital Fund Corp., and Kingsbury Associates, L.P.

Plaintiff served defendant Lewis on September 19, 2009. Plaintiff filed an affidavit of service with the Court on January 26, 2010. Lewis did not respond to the second amended complaint, and on February 12, 2010, the Clerk of Court entered the default against defendant Lewis.

Plaintiff's motion for default judgment seeks a judgment against defendant Lewis on all counts of the complaint in the total amount of $62,202.79. The five answering defendants have not objected to the request.

**Discussion**

Where there are multiple defendants sued as being jointly liable, and less than all of them default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 321 (8th Cir. 1997). This rule does not apply, however, where the codefendants could be liable if not all of them are liable. Id.

"When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment. See [Frow v. De La Vega, 82 U.S. 552, 554 (1872).] To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party. Bastien v. R. Rowland

---

[1]This action was removed from state court. For ease of reference, the Court will refer to the second amended petition as the second amended complaint.

& Co., 631 F. Supp. 1554, 1561 (E.D. Mo. 1986), affirmed without opinion 815 F.2d 713 (8th Cir. 1987); see also Restatement (Third) of Suretyship and Guaranty § 68(1)." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004). "Parties are not similarly situated and a default judgment does not establish inconsistent judgments, however, if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed." Id.

When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits. See 10 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 55.36[3] (3d ed. 2010); Frow v. De La Vega, 82 U.S. 552 (1872). This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action. See Nielson v. Chang, 253 F.3d 520, 532 (9th Cir. 2001). However, when the causes of action against multiple defendants arose from independent, concurrent wrongs, default judgment against one defendant is entirely appropriate, even if the other defendants prevail on the merits. See 10 MOORE'S FEDERAL PRACTICE, § 55.36[2] (3d ed. 2008).

Defendant Lewis is one of the six defendants in this case. The remaining five defendants have entered appearances and have filed responses to the second amended complaint. Plaintiff's motion seeks to have the Court enter a judgment against defendant Lewis on all counts prior to the resolution of the claims against the remaining defendants. Based upon the second amended complaint, it appears that defendant Lewis may be similarly situated to defendants Hankins Construction Co., St. Louis Housing Authority, SLHA Capital Fund Corp., and Kingsbury Associates, L.P. The Court finds that if default judgment were entered against defendant Lewis at

the present time, there is a possibility of inconsistent verdicts. Consistent with the Eighth Circuit's opinions, the Court finds the better practice is to stay the determination of damages against the defaulted defendant until plaintiff's claims against the remaining defendants are resolved.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's Motion for Entry of Default Judgment Against Defendant Lewis Mechanical Services, LLC is **DENIED without prejudice**. [Doc. 29]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of September, 2010.